(No. 3071— ▅▅▅▅▅▅▅)

RUBINELLI-ROCCA, INCORPORATED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 12, 1937.*
*Rehearing denied December 14, 1937.*

WILLIAM JEROME CAPONIGRI, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Claimants, after making application in the usual manner, obtained from the State of Illinois a license as a manufacturer of alcoholic liquors, under the provisions of the Illinois Liquor Control Act, Chapter 43, Illinois State Bar Statutes, 1935. Such license was issued on the 25th day of August, 1934, and claimants paid the required fee of Five Hundred ($500.00) Dollars therefor.

Claimants now seek a refund of such license fee, claiming that they never were able to avail themselves of the privileges granted by such license, due to the fact that they were subsequently unable to obtain a further license from the Federal Liquor Control Commission, and were therefore unable to engage in the business for which they had obtained the Illinois permit. They further state that the Illinois Liquor Control Commission has approved their claim for refund.

A motion to dismiss the complaint has been filed by the Attorney General, on the ground that such refund is sought for a tax paid voluntarily without protest and without duress.

The contention of the Attorney General is supported by the pleadings. Claimants voluntarily paid the required fee for the license which they desired to obtain from the State of Illinois. In so doing they are charged with knowledge of the statutory provisions of the Act governing the issuance of the license so desired. There is no provision or authority of law for a refund of such license fee in case of the mere non-user of such license, regardless of the reasons therefor, except as contained under Section 26 of Chapter 43, Illinois State Bar Revised Statutes, 1935. The Statement, Brief and Argument, filed by claimants herein, discloses that the reason they failed to obtain from the Federal authorities the necessary authority to operate was that claimants had prior thereto been convicted for violation of the Liquor Laws, in the United States District Court. Such condition of facts does not take this case out of the usual rule, to-wit:

"Where Claimant voluntarily pays a tax or license fee without protest, and not under duress or compulsion, no refund will, in the absence of statute, be made."

*Modern Laundry Co.* vs. *State,* 8 C. C. R. 36.

*Block* vs. *State,* No. 2971, Court of Claims Opinion filed May 12, 1937.

*Oppenheimer & Co.* vs. *State,* 6 C. C. R. 465.

*Ill. Glass Co.* vs. *Chicago Telephone Co.,* 234 Ill. 535.

*The Arundel Corp.* vs. *State,* 8 C. C. R. 506.

The motion of the Attorney General is allowed and the claim is dismissed.